This is our final case for today. Case number 14-082. In re. Austin S. O'Meara. For the appellant, it is Attorney Lynn Terrence. And for the appellee, it's Attorney Pat Shepard. Ms. Terrence, you may proceed. May it please the court. Good afternoon. Pleasure. Today I would like to address the second issue in Respondent's brief regarding the detention of Austin beyond the 30 days allowed under the Juvenile Court Act. However, I do stand ready to answer any questions you may have about the indeterminate sentence imposed upon him that I raised in the first issue of the brief. The juvenile trial court in Adams County has a practice of placing children in the Adams County treatment program for an indeterminate term beyond the 30 days allowed under the Juvenile Court Act. Because placement in that program is actually placement in detention, I ask that this court find that placement in the Adams County treatment program in excess of 30 days is placement in detention in violation of the Juvenile Court Act. The Juvenile Court Act provides, and this court has determined, that children may only be placed in detention for a period not to exceed 30 days. The Act defines detention as the temporary care of a minor who is an alleged or adjudicated delinquent and requires secure custody in a facility designed to physically restrict the minor's movement. Designed features that physically restrict movement include but are not limited to locked rooms or handcuffing to some stationary object. Children placed in the treatment program are placed in the same environment as any other detainee in the detention center. Is it your position that essentially there's no limits between being jailed in the detention center and being in the treatment program? Yes. As far as physically restricting their movement, there is absolutely no difference between those in the detention center and those in the treatment program. So you're adhering to the duct test virtually as well? Yes, exactly. So you're saying they're locked up and they're right to think they're locked up? They're locked up and they're right to think that they're locked up when there is no difference between them. They're placed in the same uniforms as anybody else in the detention center. They reside in the same DOC regulation cells as anybody else in the detention center. They're locked in their cells at bedtime like anybody else. At all other times they remain under... Overnight they sleep there? They sleep there. Locked up? Locked up. I can't say that enough. They are jailed. They are detained. When they leave the facility for treatment and medical appointments, they're handcuffed, they're shackled, they're secured in a car. And when they return, they're strip searched. Because Austin's movement, like anyone else in the detention center, is physically restricted in a controlled access environment to the same extent as all other detainees, program participants are in detention. And because of this detention, they're only allowed to be in the program for 30 days. However, the program has a minimum of a 90-day completion rate. But it could last longer than six months. And in this particular case, Austin was in the program. So your primary objection is that this treatment program is essentially jail and detention is not permitted in excess of 30 days under the Criminal Court Act, and whatever it's called, this is jail. This is jail. It's detention. It's a violation of the statutory restriction. The trial court is without authority to sentence him to beyond that 30 days. And it's been routinely doing this. And because of this, but more importantly, because Adams County is under the impression that this court has made some finding that it's not detention, this court... How did you do that? It's a little unclear to me. I thought my distinguished colleague Justice Butler, in an earlier case, didn't leave much to be misunderstood. Unfortunately, it was misunderstood. I quote from page 404 of the record. The prosecuting attorney says, It is custody, which is a different standard. The appellate courts have found that a treatment program is custody and not detention. Because there is this confusion or this misconception in Adams County, I ask that this court review this issue as a public interest exception to the Moot Disdoctrine. This is a matter of public importance. The Supreme Court in Christopher K. did find that the administration of juvenile justice to be of public importance. And secondly, as I said earlier, the public officials in Adams County need some clarification because they're operating under some misconception that this court has already spoken on this issue and has determined that it's not detention when that is simply not the case. There's an old saying that seems to come to mind in this context about in primaries about mules and two-by-fours. Do you think that's applicable here? I don't want to put you on the spot, counsel. It's pretty good. Thank you. Can I ask you a question, Mr. Chairman? Yes. My guess is from having served on the trial court that the trial court is maybe looking at this. In this case, his adoptive parents weren't taken. His paternal grandmother was considered inappropriate for replacement. Caddock told the court there were no foster homes available. What was the court going to do with him? Do you have any idea? Is there a plan? What could a court, any court, under those circumstances do? Pursue other options. I mean, they could have looked for some treatment programs because this was a child that had some chemical dependency. That wasn't, there was nothing in the record that suggests that they didn't look at other options that could have been available. We have a situation where the act is clear. Detention is limited to 30 days. I'm just saying as a practical matter. As a practical matter. Where does this kid go to live? Nobody is willing to take him, and they don't have a foster home for him. It's not clear that in this case that was the situation. There may have been other options, but just were never investigated. Other options including family members on the other side of the family. I think there might have been a grandparent. The grandparent was deemed inappropriate. He opened up to grandparents who actually had adopted him. Not the grandparents that had adopted him, but I think it was another grandparent. My understanding is that person was called in for an inappropriate placement for the child, for the 16 or 17-year-old kid. I think it's a tough position. It's a tough position for the trial court. They don't have a lot of resources. They don't, but it's tougher on the child to place them in detention for a far longer period of time than they should be. I mean, it's just unreasonable to not seek other avenues of placement when the only other resort would be to place them in jail. It's just too damaging on that child to be in that environment. For doing nothing, I mean, they have their issues, which is why they're in the system. But whatever has happened, the court is not saying, well, you need to be in detention to fix this problem. But it's just unacceptable to allow the court the leeway, even in extreme circumstances, to choose detention as an option when it's not warranted because of the behavior, but only because of lack of resources or lack of someone looking for a place for these children. Because it's far more damaging on their psyche to place them in detention just to use as some sort of holding cell for them. In conclusion, I ask this court to find that the treatment program is detention, and detention or placement in that program in excess of 30 days is in violation of the Juvenile Court Act. And if there are no more questions, Thank you, Ms. Terrence. Ms. Shepard? The state's argument is that this court does not have jurisdiction to review whether or not the treatment program is detention. Because it's new? You're right. How about the Lucas exceptions? Specifically in this case, if Ms. Terrence is correct, it seems like perhaps Adams County is in need of some new guidance and if we don't address this case, it won't be forthcoming. Actually, Your Honor, the state's argument is that this court doesn't have jurisdiction because the respondent did not appeal the order placing him in detention. We didn't argue the mootness exceptions or whether or not they apply. Let me ask you a question about that. Because on June 2nd, 2014, the court had a petition and found that he had violated the placement in the treatment program. At his request, Your Honor. Right. And then on July 10th, the court sentenced the minor. And at that sentencing hearing, ordered him to complete the treatment program. So that's the order he's appealing from. Why would he need to have jurisdiction over this issue? Because the placement in the treatment program, two reasons. The placement in the treatment program occurred on June 2nd. He's not even able to appeal that June 2nd. That's not a final order. No, but he can appeal it under Rule 604B that allows appeals of any conditions of probation. And I cited that in my brief. There is case law that says that, yes, you can, even if it's not a final order, you can appeal the condition of probation. And his failure to appeal eliminates the opportunity to appeal from the actual sentencing hearing? That's correct, Your Honor. Please state that again. Cases that talk about appealing conditions of probation that are not reimposed in new orders but continued. For example, public defender fees, for example, that was another example. Say there was a condition of probation imposed saying that there was a jail sentence but it was stayed. Later on, the jail sentence was ordered to be served. But nothing had happened until it was a final order in this case because it was more like the equivalent of someone's charged with a crime. What's the order going to be on bond? There's no bond in criminal court. Put someone in jail on a bond of $75,000, and the guy is remanded in custody of the sheriff until such time as he's post-bond. In this case, there is a charge filed by his agreement. He is placed in this program. And then a few weeks later, there's the actual sentencing hearing. The placement of the program is essentially the juvenile court equivalent of a bond remand, isn't it? Which would, by the way, not be appealable, I guess you could always say to the appellate court, gee, I got this bond and I want you to review it, but that would be limited in that regard and certainly wouldn't bar a subsequent conviction and the ability to appeal the sentence. I'm going by what the rule itself says, that someone who is placed on sentence to probation may also appeal from an order modifying the conditions of or revoking such order or sentence. He wasn't sentenced until July 10th? He was sentenced to probation on November 2013. And after that, there were multiple petitions filed, and this was one of the many sentencings. Right, but this is the one we're worried about, this July 10th sentencing hearing. So I mean, I'm not worried at this point, but it seems to me on June 2nd, he's found to have violated the terms of his probation. He's placed, at least in my mind, temporarily at the treatment program, pending sentencing, and he agrees to that. Then he gets to sentencing and the trial judge orders him, as a condition of probation, to complete treatment at the treatment program at the Ames County Detention Center. He appeals from that order saying, this program is 90 days minimum in length and it violates the statute on how long a minor can be detained. So I don't see how we don't have jurisdiction. So maybe we'd better concentrate on his second argument. Well, just a couple of other points, Justice Pope. One is that we go by what Respondent argues, and in his second issue, nowhere in his brief does he say that it was the July 10th order that placed him in the treatment program. He talked about, in his first issue, about how the July 10th order violated the prohibition that has to do with respondents who are placed in the Department of Juvenile Justice. That doesn't apply because he wasn't sentenced to DOJJ. In the second issue, he talked about the order placing him in the treatment program. That order was the June 2nd order. And we have to remember, too, he asked to be put in the treatment program. His counsel requested it. And the judge said, okay, I'll order that. My guess is the treatment program wasn't his first choice. Freedom of parole was. It's something, there's another, it's invited error. It's something that he asked for. Clearly, the defense bar in Adams County wants to get review of an actual order from this court saying that the treatment program is in detention, is detention. Early on in the case, the state suggested that Respondent be placed in the treatment program. And his counsel, Respondent's counsel said, wait a minute, I think that's an issue that was left open in Christopher P. Let me have time to research that issue. And the court granted a continuance. Then, later on, he comes back, co-counsel comes back and says, no, no, we would like Respondent to be placed in the treatment program. And maybe it was because, and as you were mentioning, Justice Brokamp, about the dearth of, I hope I'm using that word right, the scarcity of options available for this unfortunate Respondent. His biological parents' rights had been terminated. His adoptive parents, one of them is the grandmother, came in and said, in a hearing, I don't want to be his adoptive mother anymore. The paternal, the other grandmother, I think it was the paternal grandmother, came in and they were trying to put her forward as a placement. And as you mentioned, she was not found to be an appropriate placement. So, you know, this is an issue that is going to continue to come up. That's certain, because this is a program that's in existence in Adams County. But, you know, in Christopher P. and Darius L., this court found that it didn't have jurisdiction to consider the issue because the order wasn't appealed. And I know that the problem was in Christopher P., at the time he was sentenced to the treatment program, he never appealed that order. Right. He was trying to attack that collaterally in a later petition to revolt, where it was too late for him to do it. In this case, he's appealing from the July 10th order. So I think they're going to get a decision one way or the other that will give them final guidance in this case, assuming we apply the exception to the Wilkins Act. But you have been here a long time, I think, before this court, and you have been doing a good job on behalf of SAP. And I'm just curious, so when we reached the veterans, and I asked these parents about the duck test, and suggested that SAP would come here, and why isn't that? And it seems to me that by any standard, these juveniles, this juvenile in this case, is just as much jailed in the outskirt detention centers if they were ordered to be detained and not part of this treatment center program, whatever that is. Well, the state, of course, didn't argue on that issue in the briefs. And our argument is that the court lacks jurisdiction to consider it, and also that it's invited. I understand. Absolutely. But if we were able to overcome those arguments and reach the merits, the merits being what Ms. Terence argued, this is jail. It's in excess of 30 days. Well, we have the description of the program in this court's decisions. In Christopher P. and Darius L., there was some evidence that was presented in this case. It's not something that the state argued and is not prepared to argue one way or the other. Clearly, our argument is lack of jurisdiction and invited error. The other thing I want to mention is, and, of course, Justice Pope's point is well taken, that it's a sad situation, and what's the alternative? The legislature prohibits it. It's not the jail. It's in excess of 30 days. But it seems to me that the treatment center, at first blush, I thought, you know, when I first heard about this before, that these cases might be a situation where there's some kind of program post-school or on weekends or something where people show up and participate in the program along with people who might be in custody for two hours in some assembly room within the facility, maybe are searched on their way in and searched on their way out, but that's it. And that would be, I think, the kind of treatment center approach where the 30-day rule wouldn't apply. But under these circumstances, it certainly seems to me that I'm unable to find any distinction between someone who is jailed in a detention center and someone who is wanted to be a participant in a treatment program. And, you know, I understand your grief, and I appreciate your candor, but I want to make sure that you've been given the chance, if you wish, to address that concern. I appreciate that, Your Honor, and I think the Court knows my work well enough to know that I would have argued that if I, in the brief, I tend to argue just about everything. But we thought that the stronger argument was that this Court lacks jurisdiction. It's invited error. It's not the proper vehicle for considering the issue. Unless the Court has any further questions, I'll simply ask you to vote. Thank you, Counsel. Ms. Jensen, your vote? Yes. I hate to belabor the point, but I would like to point out that this Court does have jurisdiction. The Notice of Appeal clearly sets out that we're appealing the July 10th order. It was the final order, and moreover, if this was just a condition of probation, it was a condition established on July 10th, which is now being appealed. Secondly, this was not invited error. When Austin admitted to that final supplemental petition on June 2nd, there was counsel asked for a continuance, and pending that continuance, he was placed in the treatment program, but only pending the continuance for sentencing, not as a suggestion that this is where he should be. So it wasn't invited error. At the sentencing, Austin himself asked for drug and alcohol treatment, not to be placed in the treatment program, but drug and alcohol treatment, because he wasn't receiving that in the detention center. He was just simply in jail. So this was not invited error, and this Court does have jurisdiction, and we ask that you review this matter as a public interest exception to the witness doctrine and find that placement in the program is detention, and placement in that program in excess of 30 days is in violation of the Juvenile Court Act. Thank you.